## BRIGGS v. COMMISSIONER OF PATENTS.

MANDAMUS; COMMISSIONER OF PATENTS; COSTS.

1. Mandamus will not lie to compel the Commissioner of Patents to set aside a judgment of priority of invention in an interference proceeding which is within the statutory jurisdiction of the Commissioner to hear and fully determine, and from which judgment there is adequate relief by way of appeal to this court.

2. The Commissioner of Patents will be assessed, on his successful resistance of an appeal in a mandamus proceeding to compel him to set aside a judgment in an interference proceeding, with the costs attendant upon the making up and printing of such portions of the record as were made up of records from the Patent Office in the interference proceeding and the hearings upon the petitions to have the interference reopened, which were wholly unnecessary to a proper disposition of the appeal; since the judgment appealed from was entered upon the pleadings alone.

No. 3169.   Submitted October 9, 1918.   Decided November 4, 1918.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, denying a petition for a writ of mandamus to compel the Commissioner of Patents to reopen an interference proceeding.            *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from an order of the supreme court of the District of Columbia discharging a rule on the Commissioner

of Patents to show cause why a writ of mandamus should not issue to compel him to reopen an interference proceeding between appellant, Henry Briggs, and one Eppler. Appellant prays in his petition that the Commissioner be required to set aside the judgment of priority of invention entered in favor of Eppler, to set aside the order instituting the interference, and to reissue appellant's patent in compliance with · his application as allowed before the declaration òf the interference and the judgment of priority in favor of Eppler.

*Mr. Wm. A. Milliken* and *Mr. J. F. Robb,* for the appellant:

The award of priority is void: Because the Commissioner violated sec. 4904 of the Revised Statutes, by not serving notice on Briggs of the institution of this interference;

Because he violated rule 96 of his own office by not serving Briggs with notice that these attorneys were attempting to represent both parties to this interference;

Because he violated that well-settled principle of our jurisprudence, that "no man can be deprived of his rights, but by due process of law," in allowing these attorneys to represent Briggs and his opponents without his knowledge and consent;

Because of the fraudulent conduct of these attorneys in concealing from Briggs all letters addressed to him from the Commissioner of Patents and sent to their care, and concealing from him all information as to the facts concerning this interference;

Because of their attempting to act as his attorneys when in reality they were acting directly against his interest, and in the interest of his opponents, the United Shoe Machinery Company;

Because there was no investigation of the question of priority by the Commissioner of Patents, but an award of priority was entered on a concession of priority, which Briggs denounces as false and a forgery, and which is not established as genuine by the evidence in the record.

In short, this award is void, because Briggs was not a party

to the interference, and made no appearance therein, and consequently has not had "his day in court," as the law requires.

"The statute therefore imposes upon the Commissioner the duty of notifying the parties, prior to the first hearing before the examiner." *Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 465.

The Commissioner cannot disregard this duty imposed by statute, and excuse his action by showing that the attorney for the machinery company gave the notice.

Nor does this concession of priority, purporting to be signed by Briggs, relieve the situation.

There is no evidence to prove the genuineness of this paper, over the affidavit of Briggs and his daughter, denying it.

"The right to be heard, before property is taken or privileges, withdrawn which have been previously awarded, is of the essence of due process of law. It is unnecessary to recite the decisions in which this principle has been repeatedly recognized. It is enough to say it has never been questioned in this court." *Garfield* v. *Goldsby,* 211 U. S. 262.

"Mandamus is an extraordinary remedy, which is awarded in the exercise of sound judicial discretion. It issues to remedy a wrong; to compel the performance of a duty which ought to be performed. Although classed as a legal remedy, its issuance is largely controlled by equitable principles." *Duncan Townsite Co.* v. *Lane,* 245 U. S. 311.

"Where an official undertakes to deprive a citizen of legal rights he has acquired by administrative or judicial proceedings, the court will afford protection by mandamus or injunction." *Moore* v. *Bayer,* 32 App. D. C. 243.

Mandamus will lie at the instance of a successful party, to compel the Commissioner to vacate all proceedings subsequent to the dissolution of an interference. *Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 465.

*Mr. T. A. Hostetler, Mr. Horace Van Everen,* and *Mr. Walter F. Rogers* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The proceeding which we are asked in effect to reverse and set aside is one within the statutory jurisdiction of the Commissioner of Patents to hear and fully determine. From the judgment of priority in the interference proceeding, appellant was afforded an adequate relief by way of appeal to this court. Appellant's claim that he was denied the right of appeal for the reason that he had no notice of the interference proceeding or the judgment therein raises a question of fact which was twice reviewed by the Commissioner on appellant's petitions to have the interference reopened. In the denial of the petitions, the Commissioner not only found that appellant had due notice, but that he had signed a concession that Eppler was the prior inventor, which document was filed in the interference case. These matters were set forth in the answer of the Commissioner to the rule, and were not denied by appellant, since the rule to show cause was discharged and the writ denied upon the motion of appellant for judgment notwithstanding the answer to the rule.

While mandamus may be invoked to compel a court or officer to take cognizance of a case in which the jurisdiction of the subject-matter has been conferred by law, it will not lie to control the judgment or discretion of such a tribunal. Nor will it be substituted for an adequate remedy at law. Here, the relief sought is not to require the Commissioner to do a mere ministerial act which the law requires him to perform, but to decide in a particular way a matter confided by law to his discretion and judgment. This would involve a review of the record made before the Commissioner and a correction of errors alleged to have been committed in the numerous proceedings before him. This cannot be accomplished through the agency of a writ of mandamus. "It has been often held that mandamus cannot be used to perform the office of a writ of error." *Ex parte Baltimore & O. R. Co.* 108 U. S. 566, 27 L. ed. 812, 2 Sup. Ct. Rep. 876.

A motion has been made by counsel for appellant relative to

the assessment of costs.   It appears that a large part of the transcript of the record is made up of records from the Patent Office in the interference proceeding and the hearings upon the petitions to have the interference reopened.   These were brought here and printed upon the designation of counsel for appellee. They are wholly unnecessary to a proper disposition of the appeal, since the judgment appealed from was entered upon the pleadings alone.   The motion will be sustained, and appellee will be assessed with the costs attendant upon the making up and printing of those portions of the record designated by him.

The judgment is affirmed, with costs, except such costs as are herein assessed against the appellee.          *Affirmed.*